UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 6:12-cr- 170-Orl-31 GJK
18 U.S.C. § 1029(b)(2)
18 U.S.C. § 1343
18 U.S.C. § 1028A
18 U.S.C. § 982 - Forfeiture
18 U.S.C. § 1029(c) - Forfeiture
18 U.S.C. § 981(a)(1)(C) - Forfeiture
28 U.S.C. § 2461(c) - Forfeiture

RUEL BROWN
a/k/a "King David"
a/k/a "KD"
TROY HENRY
a/k/a "Troy P"

FILED
2012 JUL 25 PM 3: 12
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

**INDICTMENT**

The Grand Jury charges:

**Introduction**

At all times material to this Indictment:

1. American Express, VISA, and MasterCard were, among other things, credit card companies, the activities of which affected interstate and foreign commerce.

2. **RUEL BROWN** used and controlled the e-mail account kingdavidtp09@yahoo.com, which account was hosted by Yahoo, Inc., a company headquartered in Sunnyvale, California, the activities of which affected interstate and foreign commerce.

3. **TROY HENRY** used and controlled the e-mail accounts creamshipp@yahoo.com and greatestever407@yahoo.com, each of which accounts were hosted by Yahoo, Inc., a company headquartered in Sunnyvale, California, the activities of which affected interstate and foreign commerce.

**COUNT ONE**
**(Conspiracy to Commit Fraud and Related Activity in Connection With Access Devices)**

4. Beginning on a date unknown to the Grand Jury, but no later than in or about June 2010, and continuing until on or about March 2, 2011, in Orange County, Florida, in the Middle District of Florida, and elsewhere,

**RUEL BROWN**
**a/k/a "King David"**
**a/k/a "KD"**
**and**
**TROY HENRY**
**a/k/a "Troy P"**

the defendants herein, did knowingly and willfully combine, conspire, confederate, and agree with each other and other persons both known and unknown to the Grand Jury to commit the following offenses against the United States:

a. To knowingly and with intent to defraud, traffic in, and use one or more unauthorized access devices, i.e. American Express, VISA, and MasterCard account numbers and related account information of other persons, during the one-year period ending March 2, 2011, and by such conduct obtaining anything of value aggregating $1,000 or more during that one-year period, said use and trafficking affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 1029(a)(2);

b. To knowingly and with intent to defraud, possess fifteen (15) or more unauthorized access devices, i.e. American Express, VISA, and MasterCard account numbers and related account information of other persons, said possession affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 1029(a)(3); and

c. To knowingly and with intent to defraud, have control and custody over and possess device-making equipment, to wit, a re-encoding machine, said control and custody and possession affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 1029(a)(4).

**Manner and Means**

5. It was part of the conspiracy that other co-conspirators known to the Grand Jury would and did obtain stolen and otherwise fraudulently-obtained access devices, including American Express, VISA, and MasterCard account numbers and related account information of other persons, by purchasing those access devices over the Internet from persons unknown to the Grand Jury.

6. It was further a part of the conspiracy that other co-conspirators known to the Grand Jury located in Orange County, Florida would and did then provide those stolen and otherwise fraudulently-obtained access devices, including American Express, VISA, and MasterCard account numbers and related account information of other persons, to **RUEL BROWN** and **TROY HENRY** and other co-conspirators known and unknown to the Grand Jury via e-mail messages sent over the Internet in interstate commerce. In order to obtain the stolen and otherwise fraudulently-obtained access

devices used in this conspiracy and to obtain technical knowledge concerning the use of the fraudulent access devices obtained, **RUEL BROWN** and **TROY HENRY** would and did communicate via telephone and e-mail with a conspirator known to the Grand Jury located in Orange County, Florida.

7. It was further a part of the conspiracy that **RUEL BROWN** and **TROY HENRY** and other co-conspirators known and unknown to the Grand Jury would and did pay for the stolen access devices purchased over the Internet by sending an international wire transfer of funds to an unknown person purportedly located in the country of Azerbaijan.

8. It was further a part of the conspiracy that **RUEL BROWN** and **TROY HENRY** and other co-conspirators known and unknown to the Grand Jury would obtain gift cards, whether by theft or by purchasing those gift cards, for the purpose of re-encoding the gift cards with the stolen access devices.

9. It was further a part of the conspiracy that **RUEL BROWN** and **TROY HENRY** and other co-conspirators known and unknown to the Grand Jury would obtain access device making equipment, such as re-encoding machines and computer software, for the purpose of re-encoding the gift cards with the stolen access devices. That device making equipment would be obtained, among other avenues, by purchasing it from a company in Nevada and having the equipment shipped in interstate commerce.

10. It was further a part of the conspiracy that **RUEL BROWN** and **TROY HENRY** and other co-conspirators known and unknown to the Grand Jury would re-encode the gift cards with the stolen access devices.

11. It was further a part of the conspiracy that **RUEL BROWN** and **TROY HENRY** and other co-conspirators known and unknown to the Grand Jury would use, or cause the use of, the re-encoded gift cards at retail stores to purchase other gift cards and merchandise, thus allowing the co-conspirators, without authorization, to use the credit and debit card accounts of other persons.

12. It was further a part of the conspiracy that **RUEL BROWN** and **TROY HENRY** and other co-conspirators known and unknown to the Grand Jury, would and did perform acts and make statements to hide and conceal, and cause to be hidden and concealed, the purpose of the conspiracy and the acts committed in furtherance.

**<u>Overt Acts</u>**

13. In furtherance of and to affect the objectives of the conspiracy, the following overt acts, among others, were committed in the Middle District of Florida, and elsewhere:

a. Beginning on a date unknown to the Grand Jury, but no later than in or about June 2010, and continuing until on or about March 2, 2011, **RUEL BROWN** and **TROY HENRY** and other co-conspirators known and unknown to the Grand Jury obtained stolen access devices, including American Express, VISA, and MasterCard account numbers and related identification information of other persons, by purchasing those access devices and information over the Internet from persons known and

unknown to the Grand Jury. For example, **RUEL BROWN** and **TROY HENRY** obtained stolen access devices and related identification information via the following e-mail communications sent in interstate and foreign commerce from another co-conspirator known to the Grand Jury to **RUEL BROWN** and **TROY HENRY**, each of which e-mail constituted an overt act in furtherance of the conspiracy:

| Date | E-mail |
|---|---|
| July 11, 2010 | E-mail from let.emgo@yahoo.com to greatestever407@yahoo.com |
| July 27, 2010 | E-mail from let.emgo@yahoo.com to kingdavidtp09@yahoo.com |
| Aug. 19, 2010 | E-mail from let.emgo@yahoo.com to kingdavidtp09@yahoo.com |
| Sept. 6, 2010 | E-mail from let.emgo@yahoo.com to kingdavidtp09@yahoo.com |
| Oct. 6, 2010 | E-mail from let.emgo@yahoo.com to creamshipp@yahoo.com |
| Nov. 1, 2010 | E-mail from let.emgo@yahoo.com to kingdavidtp09@yahoo.com |
| Dec. 22, 2010 | E-mail from let.emgo@yahoo.com to kingdavidtp09@yahoo.com |
| Jan. 27, 2011 | E-mail from let.emgo@yahoo.com to creamshipp@yahoo.com (4:37:24 PM) |
| Jan. 27, 2011 | E-mail from le t.emgo@yahoo.com to creamshipp@yahoo.com (4:46:06 PM) |

b. Beginning on a date unknown to the Grand Jury, but no later than in or about June 2010, and continuing until on or about March 2, 2011, **RUEL BROWN** and **TROY HENRY** and other co-conspirators known and unknown to the Grand Jury used device-making equipment in conjunction with the access devices and related

identification information obtained via e-mail and though other means to create re-encoded, counterfeit credit cards, the manufacture of each of which card constituted an overt act in furtherance of the conspiracy.

c. Beginning on a date unknown to the Grand Jury, but no later than in or about June 2010, and continuing until on or about March 2, 2011, **RUEL BROWN** and **TROY HENRY** and other co-conspirators known and unknown to the Grand Jury used the re-encoded cards to purchase gift cards and merchandise, each of which purchase constituted an overt act in furtherance of the conspiracy.

All in violation of Title 18, United States Code, Section 1029(b)(2).

**COUNTS TWO THROUGH NINE**
**(Wire Fraud)**

14. The allegations contained in paragraphs 1 through 3 and 5 through 12 of this Indictment are repeated and realleged as if fully set forth herein.

**A. THE SCHEME TO DEFRAUD**

15. Beginning on a date unknown to the Grand Jury, but no later than in or about June 2010, and continuing until on or about March 2, 2011, in Orange County, Florida, in the Middle District of Florida, and elsewhere,

**RUEL BROWN**
**a/k/a "King David"**
**a/k/a "KD"**
**and**
**TROY HENRY**
**a/k/a "Troy P"**

the defendants herein, did knowingly and willfully devise and execute a scheme and artifice to defraud, and for obtaining money and property, by means of false and

fraudulent pretenses, representations and promises, which scheme and artifice to defraud is described as follows:

**B. Nature of the Scheme**

16. The substance of the scheme and artifice and its manner and means are set forth in paragraphs 5 through 12 of this Indictment, the allegations of which are repeated and realleged as if fully set forth herein for each of Counts Two through Nine of this Indictment.

**C. Execution of the Scheme**

17. On or about the dates alleged below, in Orange County, Florida, in the Middle District of Florida, and elsewhere,

**RUEL BROWN**
**a/k/a "King David"**
**a/k/a "KD"**
**and**
**TROY HENRY**
**a/k/a "Troy P"**

the defendants herein, for the purpose of executing the aforesaid scheme and artifice to defraud, did knowingly cause to be transmitted by means of wire communications in interstate commerce writings, signs, signals, pictures, and sounds, to wit, the following e-mail communications made over the Internet, and in interstate commerce:

| Count | Date | Wire Communication | Defendant |
|---|---|---|---|
| Two | July 11, 2010 | E-mail from let.emgo@yahoo.com to greatestever407@yahoo.com | TROY HENRY |
| Three | July 27, 2010 | E-mail from let.emgo@yahoo.com to kingdavidtp09@yahoo.com | RUEL BROWN |
| Four | August 19, 2010 | E-mail from let.emgo@yahoo.com to kingdavidtp09@yahoo.com | RUEL BROWN |

| | | | |
|---|---|---|---|
| Five | Sept. 6, 2010 | E-mail from let.emgo@yahoo.com to kingdavidtp09@yahoo.com | RUEL BROWN |
| Six | Oct. 6, 2010 | E-mail from let.emgo@yahoo.com to creamshipp@yahoo.com | TROY HENRY |
| Seven | Nov. 1, 2010 | E-mail from let.emgo@yahoo.com to kingdavidtp09@yahoo.com | RUEL BROWN |
| Eight | Dec. 22, 2010 | E-mail from let.emgo@yahoo.com to kingdavidtp09@yahoo.com | RUEL BROWN |
| Nine | Jan. 27, 2011 | E-mails (two) from let.emgo@yahoo.com to creamshipp@yahoo.com | TROY HENRY |

All in violation of Title 18, United States Code, Sections 1343 and 2.

**COUNT TEN**
**(Aggravated Identity Theft)**

18. The allegations contained in paragraphs 1 though 13 of the Indictment are repeated and realleged as if fully set forth herein for Count Ten of this Indictment.

19. On or about the dates alleged below, in Orange County, Florida, in the Middle District of Florida, and elsewhere,

**RUEL BROWN**
**a/k/a "King David"**
**a/k/a "KD"**
**and**
**TROY HENRY**
**a/k/a "Troy P"**

the defendants herein, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person during and in relation to the felony offense of conspiracy to commit fraud and related activity in connection with access devices, in violation of Title 18, United States Code, Section 1029(b)(2), as charged in Count One of this Indictment.

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

**COUNTS ELEVEN THROUGH EIGHTEEN**
**(Aggravated Identity Theft)**

20. The allegations contained in paragraphs 1 through 3, 5 though 12, and 15 through 17 of the Indictment are repeated and realleged as if fully set forth herein for each of Counts Eleven through Eighteen of this Indictment.

21. Beginning on a date unknown to the Grand Jury, but no later than in or about June 2010, and continuing until on or about March 2, 2011, in Orange County, Florida, in the Middle District of Florida, and elsewhere,

**RUEL BROWN**
**a/k/a "King David"**
**a/k/a "KD"**
**and**
**TROY HENRY**
**a/k/a "Troy P"**

the defendants herein, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person during and in relation to the following felony offenses of wire fraud, in violation of Title 18, United States Code, Section 1343:

| Count | Means or Identification | Predicate Felony | Defendant |
|---|---|---|---|
| Eleven | Means of identification contained within the July 11, 2010 e-mail from let.emgo@yahoo.com to greatestever407@yahoo.com | Wire Fraud (Count Two) | TROY HENRY |
| Twelve | Means of identification contained within the July 27, 2010 e-mail from let.emgo@yahoo.com to kingdavidtp09@yahoo.com | Wire Fraud (Count Three) | RUEL BROWN |

| | | | |
|---|---|---|---|
| Thirteen | Means of identification contained within the August 19, 2010 e-mail from let.emgo@yahoo.com to kingdavidtp09@yahoo.com | Wire Fraud (Count Four) | RUEL BROWN |
| Fourteen | Means of identification contained within the Sept. 6, 2010 e-mail from let.emgo@yahoo.com to kingdavidtp09@yahoo.com | Wire Fraud (Count Five) | RUEL BROWN |
| Fifteen | Means of identification contained within the Oct. 6, 2010 e-mail from let.emgo@yahoo.com to creamshipp@yahoo.com | Wire Fraud (Count Six) | TROY HENRY |
| Sixteen | Means of identification contained within the Nov. 1, 2010 e-mail from let.emgo@yahoo.com to kingdavidtp09@yahoo.com | Wire Fraud (Count Seven) | RUEL BROWN |
| Seventeen | Means of identification contained within the Dec. 22, 2010 e-mail from let.emgo@yahoo.com to kingdavidtp09@yahoo.com | Wire Fraud (Count Eight) | RUEL BROWN |
| Eighteen | Means of identification contained within the Jan. 27, 2011 e-mails (two) from let.emgo@yahoo.com to creamshipp@yahoo.com | Wire Fraud (Count Nine) | TROY HENRY |

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## FORFEITURES

1. The allegations contained in Count One of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C).

2. The defendants, **RUEL BROWN a/k/a "King David" a/k/a "KD"** and **TROY HENRY a/k/a "Troy P,"** shall forfeit to the United States of

America, pursuant to Title 18, United States Code, Section 982(a)(2)(B), any and all right, title, and interest they have in any property constituting, or derived from, proceeds the person obtained directly or indirectly, as a result of such violation(s) and pursuant to Title 18, United States Code, Section 1029(c)(1)(C) any personal property used or intended to be used to commit the offense.

3. The allegations alleged in Counts Two through Nine of the Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

4. From their engagement in the violations alleged in Counts Two through Nine of the Indictment, punishable by imprisonment for more than one year, the defendants

**RUEL BROWN**
**a/k/a "King David"**
**a/k/a "KD"**
**and**
**TROY HENRY**
**a/k/a "Troy P"**

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all of their interest in any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violation(s).

5. If any of the property described above as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1), 1029(c)(2) and/or 28, United States Code, Section 2461(c).

A TRUE BILL,

Foreperson

ROBERT E. O'NEILL
United States Attorney

By:
Daniel C. Irick
Assistant United States Attorney

By:
Carlos A. Perez-Irizarry
Assistant United States Attorney
Chief, Orlando Division

FORM OBD-34
APR 1991 No.

# UNITED STATES DISTRICT COURT

Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA

vs.

RUEL BROWN
a/k/a "King David"
a/k/a "KD"
TROY HENRY
a/k/a "Troy P"

## INDICTMENT

Violations:

18 U.S.C. § 1029
18 U.S.C. § 1343
18 U.S.C. § 1028A

A true bill,

[signature]
Foreperson

Filed in open court this 25th day of July, 2012.

Kim Anderson
Clerk

Bail $__________